IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERTO GARCIA,

      Petitioner,

v.                                          No. CV 11-237    LH/CG
                                                CR 08-2709     LH

UNITED STATES OF AMERICA,

      Respondent.

## ORDER APPOINTING COUNSEL

**THIS MATTER** is before the Court *sua sponte*. Petitioner Roberto Garcia has brought a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.* (Doc. 1). Mr. Garcia alleges, among other things, that he instructed his trial attorney, Richard Winterbottom, to file an appeal following his guilty plea but that Mr. Winterbottom failed to file an appeal. (Doc. 1 at 3). Respondent contends that Mr. Garcia waived his right to collaterally attack his sentence under 28 U.S.C. § 2255 and that Mr. Garcia is therefore precluded from asserting this claim. (Doc. 9 at 11-16). For the reasons outlined in the opinion below, the Court **FINDS** that Mr. Garcia has not waived his right to pursue this claim and that the appointment of counsel is necessary to help Mr. Garcia prepare for an evidentiary hearing on this issue.

    **I.**    **Background**

On November 1, 2008, Mr. Garcia was pulled over by New Mexico State Police for a traffic infraction while he was driving eastbound on I-40 towards Albuquerque. (*See* CR

08-2709 LH, Doc. 55 at 4; Doc. 9-1 at 8).[1] The officer sought and received written consent from Mr. Garcia to search the car. (*Id.*). The officer's drug dog alerted to the car and a search revealed approximately 455 grams of methamphetamine hidden under the hood. (Doc. 9-1 at 8-9). After being mirandized, Mr. Garcia admitted that he was being paid between $800-1000 dollars to deliver the drugs to Colorado. (*Id.* at 9).

Mr. Garcia was indicted on one count of knowingly and intentionally possessing with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § (a)(1) and (b)(1)(B). (Cr. 08-2709 LH, Doc. 10).[2] Federal Public Defender Richard Winterbottom was assigned to represent Mr. Garcia, but their relationship became fractious and Mr. Garcia eventually filed a motion to dismiss Mr. Winterbottom. (Cr. 08-2709 LH, Doc. 22). United States District C. Leroy Hansen denied Mr. Garcia's motion but, at the urging of Mr. Winterbottom, did agree to appoint a second defense attorney so as to provide Mr. Garcia with a second opinion regarding the advisability of Mr. Winterbottom's legal advice. (*See* Cr. 08-2709 LH, Doc. 27; Doc. 31 at 1).

Mr. Garcia went to trial on August 31, 2009, and a jury was selected that same day. (Cr. 08-2709 LH, Doc. 58 at 2). The next day, however, Mr. Garcia pled guilty and entered into a plea agreement with the United States. (Doc. 9-1 at 1). The plea agreement contained a waiver of Mr. Garcia's appellate rights which stated: "Defendant waives the right to appeal both the Defendant's conviction(s) and the right to appeal any sentence

---

[1] Unless noted by a citation to the CR 08-2709 criminal docket, all citations are to the docket for Civ. 11-237 LH/CG.

[2] The United States later filed a superceding indictment for one count of knowingly and intentionally possessing with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § (a)(1) and (b)(1)(A). (Cr. 08-2709 LH, Doc. 50)

imposed in this case . . . In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel." (Cr. 08-2709 LH, Doc. 55 at 8). Judge Hansen accepted Mr. Garcia's plea agreement and a pre-sentence report was created for Mr. Garcia which stated that his guideline range was 57 to 71 months. (Doc. 9-2 at 2). Judge Hansen sentenced Mr. Garcia to 57 months in jail on October 18, 2010. (*Id.* at 5).

Three months after pleading guilty, Mr. Garcia sought to appeal his conviction and sentence. He filed a *Motion for an Out of Time Appeal* with the district court claiming that he had instructed Mr. Winterbottom to file an appeal but that Mr. Winterbottom had ignored his instructions. (Cr. 08-2709 LH, Doc. 72 at 1). Without waiting for a decision on that motion, he appealed his conviction and sentence to the Tenth Circuit. (Cr. 08-2709 LH, Doc. 73). Mr. Garcia further filed a *Motion for Correction of A Sentence* with the district court, claiming that Mr. Winterbottom was ineffective for failing to file a motion to suppress in the criminal case and for failing to file a requested appeal. (Cr. 08-2709 LH, Doc. 75).

Judge Hansen addressed both motions and he denied the motion for an out of time appeal as untimely. (Cr. 08-2709 LH, Doc. 79 at 1-2). Judge Hansen dismissed the motion for correction because the relief requested was unavailable and because Mr. Garcia's appeal to the Tenth Circuit had divested the district court of jurisdiction over the motion. (*Id.* at 2). Judge Hansen noted that the relief requested in the motion for correction could be sought in a § 2255 habeas petition, but that the pending appeal before the Tenth Circuit precluded the district court from treating it as such. (*Id.* at 2-3). Shortly thereafter the Tenth Circuit dismissed Mr. Garcia's appeal as untimely. (Cr. 08-2709 LH, Doc. 80 at 1-2). The Tenth Circuit echoed Judge Hansen's ruling that the proper avenue for Mr. Garcia to

pursue his claims of ineffective assistance of counsel were through a § 2255 petition. (*Id.* at 2). The instant habeas petition followed in which Mr. Garcia again alleges that his attorney was ineffective for failing to file a requested appeal, failing to file a motion to suppress, and coercing him into pleading guilty. (Doc. 1 at 1-4, 9-10). He further attacks the reasonableness of his sentence. (*Id.* at 4, 8)

## II.     Standards of Review

A petition under 28 U.S.C. § 2255 attacks the legality of a federal prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Further, when a petition is brought by a *pro se* prisoner, the petition must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972).

If the petition is not subject to dismissal for procedural reasons, the Court must conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (quotations omitted). Should the Court decide that an evidentiary hearing is warranted, the Court must appoint must counsel to represent the petitioner at the hearing. RULE 8(C) GOVERNING SECTION § 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

### III.     Analysis

#### a.     Waivers of Appellate Rights

As stated above, Mr. Garcia alleges that his attorney Richard Winterbottom provided constitutionally ineffective assistance by purportedly coercing him into pleading guilty, failing to file a motion to suppress, and failing to file a requested appeal. (Doc. 1 at 1-3). The United States argues that Mr. Garcia is precluded from raising the failure to appeal argument because he waived his appellate rights in his plea agreement. (Doc. 9 at 11). Therefore, the question before the Court is whether the appellate waiver precludes Mr. Garcia from raising his failure to appeal claim in a § 2255 habeas petition.

The Tenth Circuit's approach to the enforcement of appellate waivers contained in plea agreements has been inconsistent over the last several years. In *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005), Mr. Garrett pled guilty, waived his appellate rights in his plea agreement, and then subsequently filed a § 2255 habeas petition alleging ineffective assistance of counsel because his attorney failed to file a requested appeal. *Id.* at 1263-64. The Tenth Circuit held that, notwithstanding the waiver of appellate rights, Mr. Garrett must be afforded an evidentiary hearing to determine whether the attorney did in fact fail to follow his directions. *Garrett*, 404 F.3d at 1263-1267. Furthermore, the Tenth Circuit held that Mr. Garrett would be entitled to a delayed appeal if he could show that counsel failed to file a requested appeal. *Id.*[3] The holding in *Garrett* was based on the Supreme Court's ruling in *Flores-Ortega*, where the Court held that an attorney who fails

---

[3] *Garrett* has been cited favorably by a number of unpublished decision in the Tenth Circuit. *See, e.g.*, *United States v. Benoit*, 274 F. App'x. 689-691-92 (10th Cir. 2008) (unpublished); *United States v. Lauer*, 236 F. App'x. 462, 465 (10th Cir. 2007) (unpublished); *United States v. Golden*, 255 F. App'x. 319, 321 (10th Cir. 2007) (unpublished).

to file a requested appeal acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477-78. Several other Circuits have similarly concluded that an attorney's failure to file a requested appeal constitutes ineffective assistance of counsel, even though the defendant may have waived his or her appellate rights in a plea agreement. *See, e.g.*, *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007); *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 775-76 (2nd Cir. 2006); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-94 (11th Cir. 2005); *United States v. Sandoval-Lopez*, 409 F.3d, 1193, 1195-99 (9th Cir. 2005).

Despite the holding in *Garrett*, other Tenth Circuit cases have focused on preserving the benefit of the bargain that the government obtains by entering into a plea deal.[4] In those cases, the court has held that waivers of appellate rights should be enforced with only a few discrete exceptions. In *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), the Tenth Circuit stated, "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable when the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *Cockerham*, 237 F.3d at 1183. The limited exceptions in this line of cases include: i) where the sentencing court relied on impermissible factors such as race, ii) where ineffective assistance of counsel in connection with the negotiation of the plea and waiver renders the waiver invalid, iii) where the sentence exceeds the statutory maximum or, iv) where the waiver is otherwise unlawful.

---

[4] *See, e.g.*, *United States v. Elliott*, 264 F.3d 117, 1174 (10th Cir. 2001) (noting that appellate waivers save costs by obviating the need to prosecute appeals and stating that "[o]nly through the dismissal of [an] appeal will the government receive the benefit of the bargain.") .

*Id.* at 1182. With regard to the ineffective assistance of counsel prong, the Court made clear that the exception related only to counsel's effectiveness in negotiating the plea agreement or the waiver provision. *Id.* at 1187 ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. *Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable.*") (emphasis added).

Several unpublished Tenth Circuit opinions have cited *Cockerham* for the proposition that a claim of ineffective assistance of counsel for failing to file a requested appeal does not relate to the negotiation of the actual plea deal or waiver provision. *See United States v. Macias*, 229 F. App'x. 683, 687 (10th Cir. 2007) (unpublished) (distinguishing *Garrett* and dismissing defendant's claim of ineffective assistance of counsel for failing to file an appeal because the claim did not relate to validity of the plea or the waiver); *United States v. Davis*, 218 F. App'x. 782, 783-84 (10th Cir. 2007) (unpublished) (finding that defendant's claim of ineffective assistance of counsel for failing to file an appeal was waived because the claim did not relate to the validity or voluntariness of the waiver).

### b. Mr. Garcia has not Waived his Failure to Appeal Claim

Respondent argues that *Cockerham* established a bright line rule that a waiver of appellate rights precludes a collateral claim of ineffective assistance of counsel unless the claim relates to the decision to enter into the plea agreement itself. (Doc. 9 at 11). Because Mr. Garcia's failure to appeal claim does not relate to the decision to enter into the plea agreement, Respondent contends that this claim is foreclosed by the appellate waiver. (*Id.*).

The Court is not persuaded that *Cockerham* precludes Mr. Garcia from raising his failure to appeal claim because the specific wording of the appellate waiver in Mr. Garcia's plea deal is distinguishable from that in *Cockerham*. In *Cockerham*, the waiver of appellate rights was very broad  - it stated that defendant "expressly waives the right to appeal [his] sentence on any ground, except to challenge the upward departure from the applicable guideline range as determined by the Court" and that the he "waives any appeal rights conferred by 18 U.S.C. § 3742, any post-conviction proceedings, and any habeas corpus proceedings." *Id.* at 1188. Faced with a very broad waiver, the Tenth Circuit stated that, while appellate waivers are generally enforceable, a defendant could never be held to the waiver when his claim of ineffective assistance related to the decision to enter into the plea deal or accept the appellate waiver itself. *Id.* at 1184-88. The plea agreement in Mr. Garcia's case differs from the agreement in *Cockerham* in that it explicitly allows Mr. Garcia to collaterally attack his guilty plea on the grounds of ineffective assistance of counsel. (*See* Cr. 08-2709 LH, Doc. 55 at 8 ("In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, *except on the issue of ineffective assistance of counsel.*")) (emphasis added). It would appear that the claim regarding Mr. Winterbottom's failure to file a requested appeal falls squarely within the exception provided in the appellate waiver.

Inasmuch as Respondent believes that the relevant language in the appellate waiver should be construed to only allow ineffective assistance claims relating to the negotiation of the plea agreement itself, the Court is not persuaded. It is well settled that ambiguities in plea agreements are construed against the government. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004) ("we will strictly construe appeal waivers and any

ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights"). In this case, where the language of the appellate waiver specifically allows Mr. Garcia to bring a § 2255 petition alleging ineffective assistance of counsel, the Court finds that *Cockerham* does not provide a basis to dismiss Mr. Garcia's claim.

Respondent further argues that Mr. Garcia's waiver of appellate rights must be upheld pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). (Doc. 9 at 11-16). In *Hahn*, the Tenth Circuit expanded upon *Cockerham* and established a three prong test for determining whether a plea agreement waiver should be respected. The three prongs ask i) whether the disputed appeal falls within the scope of the waiver of appellate rights, ii) whether the defendant knowingly and voluntarily waived his appellate rights and, iii) whether enforcement of the waiver would result in a miscarriage of justice. *Id.* at 1325. The Court is not persuaded that *Hahn* bars Mr. Garcia's claim.

Respondent acknowledges that the first prong of the *Hahn* test does not bar Mr. Garcia's claim because the failure to appeal claim "arguably falls within the scope of the appellate rights waiver . . ." Respondent nevertheless submits that "it is unreasonable to suggest that Petitioner's counsel should be the party charged with filing an appeal under these circumstances." (Doc. 9 at 12). This specific argument was rejected by the Tenth Circuit in *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005). In that case, Mr. Garrett claimed that his attorney failed to file a requested appeal. *Garrett*, 402 F.3d at 1263-64. The district court dismissed Mr. Garrett's habeas petition, stating that his attorney "cannot be faulted for failing to file an appeal when his client had expressly waived his appellate rights." *Id.* at 1264. The Tenth Circuit reversed the decision, holding that "a lawyer who fails

to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable . . . [if counsel fails to file a requested appeal] a defendant is entitled to [a new] appeal without a showing that his appeal likely would have merit." *Id.* at 1265 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477-78 (2000)). The Tenth Circuit found that, based on Mr. Garrett's assertion that his attorney had ignored his request to file an appeal, the district court was wrong to dismiss the petition without first holding an evidentiary hearing to consider the veracity of his claim. *Id.* at 1266-67. In this case, much as in *Garrett*, Mr. Garcia has raised a question of fact as to whether he instructed Mr. Winterbottom to file an appeal. An evidentiary hearing is therefore necessary to resolve this issue.

**IT IS THEREFORE ORDERED** that an attorney other than Richard Winterbottom be appointed to represent Mr. Garcia. Following the appearance of Mr. Garcia's counsel, the Court will set a telephonic status conference to discuss the amount of time the parties will need to prepare for an evidentiary hearing.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE